IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MICHEAL L. DUNN                                                                                           PLAINTIFF
Reg. #29897-044

v.                                            2:22-cv-00203-BSM-JJV

LINDA SANDERS, Warden, FCI Forrest City; and
FEDERAL BUREAU OF PRISONS                                                                     DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     INTRODUCTION**

Micheal L. Dunn ("Plaintiff") is a federal prisoner in Manchester, Kentucky. He has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1.) After careful consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

1

## II.     PROCEEDING *PRO SE*

Plaintiff is proceeding *pro se*, which means without the assistance of an attorney. The Court is sensitive to the fact that *pro se* litigants are not trained in the law and will give deference to them where the law requires. However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). For this reason, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint. The Court will not consider claims stated in notices or other pleadings that fail to comply with the Federal Rules of Civil Procedure. **This means all allegations against all defendants must be included in one document that is labeled a complaint or amended complaint. Importantly, an amended complaint will replace the original complaint and render it without any legal effect.**

Plaintiff also must comply with the Local Rules of the Court. Of particular note to *pro se* plaintiffs is Local Rule 5.5(c)(2), which states:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. **If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.** Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2) (emphasis added).

## III.     DISCUSSION

In 2006, Plaintiff was confined in federal prison in Forrest City, Arkansas for a prior federal conviction. In October 2006, he filed a § 2241 habeas petition alleging Warden Linda Sanders was not properly calculating his sentence. *Dunn v. Sanders*, 2:06-cv-00126-HDY (E.D. Ark.) (Doc. 1.) Specifically, Plaintiff argued he was entitled to credit toward the completion of his

federal sentence for the fifteen months he spent serving a concurrent state sentence in Missouri. (*Id.*) The district court denied the petition because it concluded the Bureau of Prison's ("BOP's") sentence calculation was correct, and Plaintiff appealed. (*Id.*) (Docs. 16, 17, 19.) In September 2007, the Eighth Circuit held the BOP had considered incorrect information when calculating Plaintiff's sentence, reversed the district court's dismissal of his § 2241 habeas petition, and remanded the case "with directions that the district court enter an order directing the BOP to reconsider Dunn's request for a *nunc pro tunc* designation, taking into account the appropriate factors." (Doc. 25 at 3); *see also Dunn v. Sanders*, 247 F. App'x 853, *2 (8th Cir. Sept. 20, 2007). In January 2010, the district court dismissed the case as moot, without referring the matter to the BOP for further consideration, because Plaintiff had been released from custody.[2] (Doc. 29.)

More than twelve years later, on October 11, 2022, Plaintiff filed this *pro se* § 1983 action alleging that, in August 2004, Warden Sanders and the BOP violated his "civil rights" and acted "negligently" when they calculated his prior sentence, resulting in him serving fifteen extra months in prison.[3] (Doc. 1 at 3, 4.) As relief, seeks a million dollars for each month he was wrongfully held in federal prison. (*Id.* at 5.)

Plaintiff filed his allegations on a § 1983 complaint form. (Doc. 1.) However, a § 1983 action can only be filed against state actors, and Defendants are federal actors. *See* 42 U.S.C. § 1983; *Roberson v. Dakota Boys & Girls Ranch,* 42 F.4th 924, 928 (8th Cir. 2022). It is unclear if

---

[2] Sometime thereafter, Plaintiff was convicted of new federal charges for which he is currently in prison.

[3] Plaintiff originally filed this action in the United States District Court for the Eastern District of Missouri. (Doc. 1.) After granting Plaintiff permission to proceed *in forma pauperis,* it was transferred to this Court pursuant to 28 U.S.C. § 1391(b) because the material events occurred here, and this is where one Defendant resides. (Doc. 5.)

Plaintiff intended to raise a federal constitutional claim under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and/or a negligence claim under the Federal Tort Claims Act ("FTCA"). The statute of limitations for filing a *Bivens* action in Arkansas is three years. *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995); *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001). An FTCA claim must be presented to the appropriate federal agency within two years after it accrues and then filed in federal court within six months of the agency's final decision. 28 U.S.C.A. § 2401(b); *Arigo v. United States*, 980 F.2d 1159, 1160 (8th Cir. 1992).

In the Complaint, Plaintiff says "this incident occurred in August 2004." (Doc. 1 at 3). However, when reviewing the pleadings in Plaintiff's § 2241 habeas action, I noted he presented his request for a sentence reduction to the BOP later, on October 12, 2005. *Dunn v. Sanders*, 2:06-cv-00126-HDY (Doc. 9-4.) And the BOP Central Office denied his appeal, which was the final ruling, on March 13, 2006. (*Id.*) (Doc. 9-6.) Plaintiff filed this *Bivens* and/or FTCA claim seeking damages in October 2022, which is well beyond the limitations period for doing so. Further, even if I were to find the limitations period was tolled until Plaintiff's § 2241 habeas action concluded on January 15, 2010, Plaintiff was still late in filing this *Bivens* and/or FTCA action for damages, more than twelve years later in October 2022.[4] In other words, even if I give Plaintiff the benefit of the very last date possible of January 2010, instead of August 2004 as stated

---

[4] Additionally, Plaintiff's *Bivens* claim is barred by the favorable termination rule in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (holding the *Heck* favorable determination rule applied to a prisoner's challenge to the length of his sentence even though he could not seek habeas relief because he was no longer in custody). His *Bivens* claim also fails because it presents a new context not previously recognized by the Supreme Court, and special factors counsel against recognizing a new implied cause of action in the absence of congressional action. *See Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1858 (2017).

in his Complaint, he was still too late in filing this action for damages.

## IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Complaint (Doc. 1) be DISMISSED with prejudice as being barred by the statute of limitations.

2.      The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).[5]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 15th day of November 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[5] *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (If the allegations in the complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").